IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLA WATSON and REGINALD WATSON : CIVIL ACTION
:
    v. : 05-5760
:
THE BOARD OF DIRECTORS OF WILLIAM :
PENN SCHOOL DISTRICT, JOSEPH :
ANDREWS, and PATRICIA ALFORD :

**JOYNER, J.**                                                      **August 29, 2006**

### MEMORANDUM AND ORDER

Via the motion now pending before this Court, Plaintiffs move for leave to amend the complaint. For the reasons outlined below, the motion shall be GRANTED in part and DENIED in part.

### Procedural Background

Plaintiffs, Charla Watson and Reginald Watson, husband and wife, ("Plaintiffs") brought this suit to recover for alleged injuries to Mrs. Watson stemming from violations of 28 U.S.C. § 1983, Title VII, and the Age Discrimination in Employment Act ("ADEA"), and alleged loss of consortium for Mr. Watson as a result of the alleged injury to his wife. In response to Plaintiffs' Complaint filed November 1, 2005, Defendants Patricia Alford, Joseph Andrews, and the Board of Directors of William Penn School District ("Defendants"), moved for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 23, 2006. On February 23, 2006, noting that Plaintiffs had failed to respond to Defendants' motion or request an extension of time, this Court entered an Order granting

Defendants' motion to dismiss as uncontested pursuant to Local Rule of Civil Procedure 7.1(c) and dismissing the Complaint without prejudice.  In an attempt to revive their case, Plaintiffs now seek leave of court to amend the complaint and join additional defendants.

In support of this motion for leave to amend, Plaintiffs set forth the sad story of the demise of Plaintiffs' counsel's office.  Apparently, Plaintiffs' Counsel, Frank J. Marcone ("Plaintiffs' Counsel") "maintains an office for the practice of law at 2530 N. Providence Road, Upper Providence, Delaware County, Pennsylvania 19063, which is also the address of his residence."  (Pls.' Mot. for Permission to File an Am. Compl. and to Include Add'l Defs. ("Pls.' Mot.") at ¶ 1.)  According to Plaintiffs' motion, on January 18, 2006, a large tree fell on Plaintiffs' Counsel's home, causing significant damage to the structure.  (Id. at ¶¶ 2-3.)  Plaintiffs' Counsel claims that, as a result, "all organized work was severely hampered and files were scattered, equipment had to be removed and the organization of the client's files was grossly affected."  (Id. at ¶ 4.)

Defendants filed their motion to dismiss on January 23, 2006.  Plaintiffs' Counsel states that, during this period, he was involved in assisting Mrs. Watson in navigating the administrative process necessary to receive retirement payments from the teacher's union.  (Pls.' Mot. at ¶ 6.)  Plaintiffs'

Counsel claims that he was also "intimately engaged in removing his files from the residence office [to] another office outside the home." (Id. at ¶ 7.) Plaintiffs' Counsel admits that, as a result of his personal involvement in the repairs to his home, he "failed to address the issues raised" by Defendants' motion. (Id. at ¶ 8.) Plaintiffs' Counsel claims that the tasks of protecting his home and property, reporting to his insurance company, replacing and repairing his cars, and preparing for trial in another case all "distracted [him] from attending to the response to [Defendants' motion]." (Id. at ¶¶ 10-12.)

### Discussion

Plaintiffs move to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a). Defendants assert that leave to amend cannot be granted at this point because judgment has already been entered. The Third Circuit has found that, where a final judgment has been entered, the broad discretion normally available under Rule 15 is curtailed. Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1489 (2d ed. 1990). Before leave to amend can be granted, the court must consider whether relief from the judgment is appropriate pursuant to Rule 59(e) or Rule 60(b). Id.

The first inquiry, then, is whether this Court's Order dismissing Plaintiffs' Complaint was a final judgment. Dismissal without prejudice generally is not a final judgment. Ahmed, 297

F.3d at 207. Where, however, a plaintiff would be time-barred from re-filing a claim at the point when a dismissal without prejudice was entered, that dismissal is considered a final judgment. Id. Thus, where a claim would be time-barred, that claim can be amended only after relief from judgment is granted pursuant to Rule 59(e) or 60(b). We examine whether any of the claims dismissed pursuant to the Order of February 23, 2006 dismissing the Complaint without prejudice could have been reasserted as of that date.

Plaintiffs' original Complaint contained claims based on the ADEA, Title VII, § 1983, and loss of consortium. The statute of limitations for § 1983 actions in Pennsylvania is two years. See, e.g., Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1989). Mrs. Watson's § 1983 claim is based on the filing of criminal charges subsequent to the meeting of October 14, 2004. (Proposed Am. Compl. at ¶ 22.) Even counting from the date of the meeting itself, less than two years elapsed from that date to the entry of the order dismissing the original Complaint on February 23, 2006. Because Mrs. Watson could still cure and re-file a complaint based on her § 1983 claims, the order dismissing the Complaint without prejudice is not considered a final judgment. Thus, amendment is available for the § 1983 claims pursuant to Rule 15(a) without first seeking relief from judgment under Rule 59(e) or 60(b).

Mrs. Watson's employment claims, however, are subject to a different statute of limitations. To properly file a civil action in district court pursuant to the ADEA or Title VII, Plaintiffs generally must exhaust their administrative remedies and receive a right-to-sue letter from the administrative agency that investigated the complaint. See Seredinski v. Clifton Precision Products Co., 776 F.2d 56 (3d Cir. 1985) (ADEA); Hornsby v. United States Postal Svc., 787 F.2d 87, 90 (3d Cir. 1986) (Title VII). In this case, Mrs. Watson apparently filed a complaint with the Equal Opportunity Employment Commission ("EEOC"). As discussed below, neither the original Complaint nor the Proposed Amended complaint references or attaches documentation of the EEOC's investigation or the issuance of a right-to-sue letter. Upon issuance of a right-to-sue letter from the EEOC, Mrs. Watson would have had ninety days to file a civil action to pursue her claims. 42 U.S.C. § 2000e-5(f)(1). After the close of this ninety-day period, the claimant forfeits the right to sue. See, e.g., McCray v. Correy Manufacturing, Co., 61 F.3d 224, 229 (3d Cir. 1995).

Even if we assume that Mrs. Watson received a right-to-sue letter and filed the original Complaint on the same day, the ninety days would have started running on November 1, 2005. Assuming a right-to-sue letter was actually issued and received, no less than one hundred and fourteen days elapsed from the time it was received to the time the Complaint was dismissed.

Plaintiffs, therefore, could not, as of the date of the Order, have re-filed any claims based on the ADEA or Title VII, making the dismissal without prejudice a final judgment. Thus, before considering Plaintiffs' motion to amend as to these claims, we must determine whether relief from judgment is appropriate.

Loss of consortium is a derivative claim, and is, therefore, governed by the statute of limitations of the source claim. See Patterson v. American Bosch Corp., 914 F.2d 384, 387 n.4(3d Cir. 1990). Mr. Watson's loss of consortium claim is broadly stated, and appears to be based on all of the claims – § 1983, ADEA, and Title VII – asserted by his wife. (Proposed Am. Compl. at ¶¶ 43-44.) Thus, to the extent Mr. Watson seeks to recover for loss of consortium stemming from Mrs. Watson's § 1983 claim, Mr. Watson's claim is not subject to a final judgment. Similarly, to the extent Mr. Watson's loss of consortium claim is based on Mrs. Watson's ADEA and Title VII claims, Mr. Watson's claim is subject to a final judgment and relief from that judgment must be allowed before the appropriateness of amendments under Rule 15(a) can be determined.

Relief from judgment may be available in this context pursuant to Rule 59(e) or Rule 60(b). Rule 59(e) requires that a motion be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906,

909 (3d Cir. 1985).  Plaintiffs' motion, however, presents an excuse for failure to respond, rather than an error of fact or law.  Thus, for the purposes of Plaintiffs' ADEA and Title VII claims, we analyze the motion under Rule 60(b), which provides, inter alia, for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).

The Third Circuit has noted that when a party requests amendment after a final judgment has been entered, courts generally determine the appropriateness of both reopening the judgment and allowing amendment simultaneously.  See Ahmed, 297 F.3d at 209.  This analysis focuses on the futility of proposed amendments, because such futility "may be a valid reason both for denying a motion to amend under Rule 15(a) and for refusing to reopen the judgment under Rule 60(b)"  Id. (quoting 6 Wright, et al., Federal Practice & Procedure § 1489).  Even if the amendments would not be futile, however, relief from judgment is not available where the neglect in failing to respond is not excusable.

Failure to respond to a pleading is generally evaluated for Rule 60(b)(1) as a question of "excusable neglect."  See Pioneer Inv. Svcs., Inc. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 393 (1993); see also James v. Virgin Isl. Water and Power Auth., 119 Fed. Appx. 397, 400 (3d Cir. 2005).  In determining when an error is "excusable" pursuant to Rule 60(b)(1), the Court must consider the factors set out by the Supreme Court in Pioneer.

See id.; see also In re Cendant Corp. PRIDES Litg., 235 F.3d 176, 182 (3d Cir. 2000) ("Cendant I") (remanding for analysis pursuant to the Pioneer factors); Scott v. U.S. Envtl. Prot. Agency, 185 F.R.D. 202, 206 (E.D. Pa. 1999)(applying the Pioneer factors to determination of whether mistake or neglect under Rule 60(b)(1) is excusable).

The Court's decision in Pioneer establishes the determination of whether error is "excusable" as "at bottom an equitable one." Pioneer, 507 U.S. at 395. Thus, the Court must consider the circumstances surrounding the act or omission leading to the judgement from which relief is sought. Id. In the context of Rule 60(b)(1), these circumstances include (1) the danger of prejudice to the non-movant, (2) the length of delay and its potential impact on further proceedings, (3) the reason for the delay, including whether it was reasonably within the control of the movant, and (4) whether the movant acted in good faith. See id.

Plaintiffs' Counsel claims that his home and home office were affected by a tree that fell on his property on January 18, 2006, five days before Defendants' motion to dismiss was filed and twenty-two days before a response was due.[1] Despite the fact that Plaintiffs' Counsel was obviously aware of the potential for delay, he failed to contact the Court or opposing counsel, either before or after Defendants' motion was filed, to request

---

[1] See Fed. R. Civ. P. 5, 6.

additional time. Plaintiffs' Counsel does not claim to have contacted his clients to let them know about his trials and tribulations with trees.

Plaintiffs' Counsel did not communicate with the court regarding his situation until after this Court entered an Order granting Defendants' motion as uncontested. The instant motion seeking leave to belatedly file an amended complaint was filed March 5, 2005 – forty-six days after the tree fell, and over a month after Defendants' motion was filed.

Although Plaintiffs themselves had little control over the delay, Plaintiffs' Counsel is well aware of his duties to his clients. The decision to spend time replacing and repairing automobiles instead of responding to motions or, at the very least, requesting an extension, was clearly within Plaintiffs' Counsel's control. Counsel has demonstrated no good faith effort to address the effects of the damage to his office as far as they related to his obligations to his clients and this Court. Thus, we cannot find that his neglect was excusable, and will not grant relief from judgment on the ADEA and Title VII claims.[2]

We must still determine whether the amendments to the remaining § 1983 claim and Loss of Consortium claim would be

---

[2] Even if we granted relief from judgment, the proposed amendments with regard to these claims would be futile because they fail to allege that Plaintiffs exhausted the administrative process as required by Title VII and the ADEA. Furthermore, neither the ADEA nor Title VII provide for relief against individuals.

futile. Defendants argue that Plaintiffs cannot bring a § 1983 claim to recover for age discrimination, because the ADEA provides a comprehensive remedy for such wrongs. While the question of whether § 1983 is preempted by the ADEA has not been specifically addressed by the Third Circuit, the district courts have generally concluded that the ADEA preempts other federal remedies for age discrimination, including § 1983. See Cataldo v. Moses, 361 F. Supp. 2d 420, 428 (D.N.J. 2004); Barlieb v. Kutztown Univ. of Pa. State Sys. of Higher Educ., Civ. A. No. 03-4126, 2003 U.S. Dist. LEXIS 25178 (E.D. Pa. Dec. 1, 2003) (citing Purtill v. Harris, 658 F.2d 134, 138) (3d Cir. 1981)). Thus, any amendment to the § 1983 claim, to the extent it seeks recovery for age discrimination, would be futile.

Defendants argue that Plaintiffs have not alleged state action in the Complaint. We are not persuaded, however, that there is no set of facts that could show that the various defendants acted under color of state law.

Defendants contend that Plaintiffs have not plead sufficient facts to support a conspiracy claim. Prior to 1993, courts applied a heightened pleading standard to all § 1983 claims. The Supreme Court, however, prohibited this practice, and held that § 1983 claims are subject only to the notice pleading requirement of Federal Rule of Civil Procedure 8(a). See Young v. New Sewickley Twp., 160 Fed. Appx. 263 (3d Cir. 2005) (citing Leatherman v. Tarrant County Narcotics Intelligence and

Coordination Unit, 507 U.S. 163 (1993)). The Third Circuit has not definitively resolved the question of whether conspiracy claims are subject to a heightened pleading requirement. Compare Brown v. City of Philadelphia, No. 05-4485, 2006 U.S. App. LEXIS 15560, *4-5 (3d Cir. June 21, 2006) (per curiam) (concluding, without mention of Leatherman, that a § 1983 conspiracies must be plead with specificity) with Young, 160 Fed. Appx. at 266-67 (applying Rule 8(a) standard to determine sufficiency of conspiracy pleading). In light of this uncertainty, we cannot conclude that Plaintiff's amendments are futile on the basis that they lack sufficient specificity.

Defendants further argue that Plaintiffs cannot pursue any Loss of Consortium claims against a state agency because such claims are barred by the Pennsylvania Tort Claims Act (the "Act"). A school district is a local agency for the purposes of 42 Pa. C.S. § 8501 et seq., and is, therefore, covered by the prohibition on tort liability for all local agencies as set forth under 42 Pa. C.S. § 8541. Because loss of consortium is a tort claim under Pennsylvania law, it is barred by the Act and amendment to such claims would be futile. Furthermore, as noted above, the loss of consortium claims, as derivative claims, will be dismissed to the extent that the substantive claims are dismissed.

For the reasons set forth above, pursuant to the attached order we grant Plaintiffs' motion for leave to amend only to the extent that it seeks to amend a § 1983 claim for race discrimination and any loss of consortium claim against individual defendants arising therefrom.  Plaintiffs' motion is denied in all other respects.

```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLA WATSON and REGINALD WATSON   :   CIVIL ACTION
                                    :
     v.                             :   05-5760
                                    :
THE BOARD OF DIRECTORS OF WILLIAM   :
PENN SCHOOL DISTRICT, JOSEPH        :
ANDREWS, and PATRICIA ALFORD        :
```

**ORDER**

AND NOW, this 29th day of August, 2006, upon consideration of the Motion of Plaintiffs for Leave to File an Amended Complaint (Doc. No. 8), and all responses thereto (Doc. No. 9), it is hereby ORDERED that the motion is GRANTED in part and DENIED in part as follows:

(1) Plaintiffs are denied relief from judgment as to claims for relief under the ADEA and Title VII;

(2) Plaintiffs are granted leave to amend the Complaint as to the § 1983 claim for race discrimination and any loss of consortium claim against individual defendants arising therefrom;

(3) Plaintiffs are denied leave to amend the Complaint as to all other claims.

                              BY THE COURT:


                              s/J. Curtis Joyner
                              J. CURTIS JOYNER, J.